IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VINCENT RAMON HICKS,      )<br>      Individually and as Next Friend of   )<br>      Aniya Nicole Hicks, a minor      )<br>and                                         )<br>ANIYA NICOLE HICKS,             )<br>                                                 )<br>            Plaintiffs,                     )<br>                                                 )<br>v.                                              )<br>                                                 )<br>CITY OF LYNCHBURG, et al.,     )<br>                                                 )<br>            Defendants.                  )  | Case No. 6:21cv00043 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**THE AMENDED COMPLAINT**

Defendants City of Lynchburg, Lee M. Hughes, Nathan R. Godsie, and Hollie N. Breton, by counsel, respectfully submit this memorandum in support of their Rule 12(b)(6) motion to dismiss.

BACKGROUND

This lawsuit involves federal and state claims brought by Plaintiff Aniya Nicole Hicks, a minor, against the City of Lynchburg and three Lynchburg police officers, related to an incident involving Hicks at River Ridge Mall in Lynchburg, Virginia on March 7, 2020. Hicks claims the officers used excessive force in detaining her. Hicks filed the original Complaint on August 6, 2021. (ECF No. 1.) After waiving service, Defendants moved to dismiss several claims in the Complaint on October 26, 2021. (ECF Nos. 4, 5.) In response, Hicks moved for leave to amend the Complaint, which Defendants did not oppose. (ECF No. 6.) The Court granted Hicks' unopposed motion for leave to amend on November 29, 2021, and filed the First Amended

1

Complaint ("Amended Complaint"). (ECF Nos. 8, 9.) The Amended Complaint is the current active pleading.

The factual allegations in the Amended Complaint are substantially similar to those in the Complaint, and thus Defendants will not restate herein. The primary difference between the Complaint and the Amended Complaint is that Hicks added allegations to support her claim that the City of Lynchburg maintained an official policy or custom condoning the alleged excessive use of force (Count IX).[1] While Defendants strongly dispute that claim, it appears Hicks has now pled sufficient facts to advance past the pleading stage. Defendants thus do not include Count IX in the counts they now seek to dismiss.

While Hicks cured her pleading deficiencies with respect to Count IX, several other counts still fail to state a claim against the Defendants. For example, Hicks remains as a plaintiff in this lawsuit in her individual capacity, in violation of Rule 17 of the Federal Rules of Civil Procedure. In addition, sovereign immunity bars multiple claims brought by the Plaintiff, including Hicks' tort claims against the City and the negligence claims against the individual officers. Hicks also failed to state a claim for "Municipal Liability – Ratification," because the City's alleged ratification of the subject use of force cannot have caused the alleged constitutional violations. Further, Hicks failed to state factual allegations to support claims of intentional infliction of emotional distress ("IIED") or negligent infliction of emotional distress ("NIED") against the officers. In short, several of Hicks' claims remain deficient and should be dismissed.

---

[1] This is Count IX in the Amended Complaint, incorrectly labeled as Count VII.

## ARGUMENTS AND AUTHORITIES

**I.      Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co*., 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp*., 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Hicks, as a minor, is not a proper plaintiff.

In Defendants' Memorandum in Support of Motion to Dismiss the Complaint, which is incorporated herein by reference, Defendants argued that Hicks, as a minor, was not a proper plaintiff. (ECF No. 5 at 3-4.) Rule 17 of the Federal Rules of Civil Procedure prevented Hicks from suing on her own behalf; however, she could "sue by a next friend." (*Id.*) In the Amended Complaint, Hicks adds Vincent Ramon Hicks as her next friend and plaintiff. (Am. Compl. at 1.) However, she did not remove herself as an individual plaintiff. For the reasons stated in Defendants' Memorandum in Support of Motion to Dismiss the Complaint, Hicks is not a proper plaintiff and must be dismissed from this lawsuit.

## III. Hicks failed to state any tort claim against the City.

### A. The City is entitled to sovereign immunity.

Hicks attempts to state multiple tort claims against the City: IIED (Count III), NIED (Count IV), and negligent training and supervision (Count V). In Virginia, it is well settled that municipalities are immune from liability for torts committed by their employees during the exercise of governmental functions. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Niese v. City of Alexandria*, 264 Va. 230, 238 (2002). Maintaining a police force is a governmental function. *Carter*, 164 F.3d at 221; *Niese*, 264 Va. at 240. All of Hicks' tort claims against the City involve actions taken during the performance of police duties – either during her arrest, or related to police training or supervision. *See, e.g.*, *Elder v. City of Danville*, 2013 U.S. Dist. LEXIS 174135, at *20-21 (W.D. Va. Dec. 12, 2013) (finding that the City of Danville had sovereign immunity for its officer's alleged assault and battery of an arrestee because the officer was performing a governmental function when he seized the plaintiff and searched his car); *Niese*, 264 Va. at 240 (finding the City of Alexandria was immune from tort claims associated

4

with its decision to retain individual police officers because such employment decisions are an "integral part of the governmental function of maintaining a police force"). Accordingly, the City is immune from Hicks' state tort claims.

### B. Neither negligent training nor negligent supervision are recognized causes of action.

Notwithstanding the City's sovereign immunity, Hicks' negligent training and negligent supervision claims fail because neither of these claims are recognized torts in Virginia. With respect to negligent supervision, there is no duty of care imposed on an employer in the supervision of its employees. *Chesapeake & Potomac Telephone v. Dowdy*, 235 Va. 55, 61 (1988); *Cleaves-McClellan v. Shah*, 93 Va. Cir. 459, 475 (Norfolk City 2016). Likewise, there is no established cause of action for negligent training, and numerous Virginia courts have declined to consider it a viable cause of action. *Porter v. Woods*, 96 Va. Cir. 280, 283 (Norfolk Cir. Ct. 2017); *Hernandez v. Lowe's Home Ctrs., Inc.*, 83 Va. Cir. 210, 212 (Norfolk Cir. Ct. 2011) (collecting cases). Furthermore, Hicks' bald assertions of negligent training and supervision are unsupported by facts. (*See* Am. Compl. at ¶¶ 84-86.) Hicks failed to state a claim for negligent training or supervision and therefore Count V must be dismissed.[2]

### IV. Hicks failed to state a claim against the City for "Municipal Liability – Ratification."

In Count VIII (incorrectly labeled as Count V), Hicks alleges the City ratified the acts of defendants Hughes, Breton and Godsie by determining they were "within policy." (Am. Compl.

---

[2] Likewise, to the extent they are named, the individual officers cannot be held liable for negligent training or supervision. It is axiomatic that these officers do not train or supervise themselves, and there are no allegations suggesting they do. Moreover, the individual officers would have the same defenses as the City for these claims; *i.e.*, the officers have sovereign immunity from claims of negligence (discussed *infra*), and neither negligent training nor negligent supervision are viable causes of action.

at ¶¶ 98-99.) These allegations are insufficient to state a claim for municipal liability. It is impossible for the City's alleged determination—made *after* the alleged excessive force—to have caused the excessive force. Mere ratification of the conduct at issue "could not have been the 'moving force' behind [the] defendants' alleged constitutional violations if the City's actions *followed* the Police Officer Defendants' actions." *Booker v. City of Lynchburg*, 2020 U.S. Dist. LEXIS 128818, at *23 (W.D. Va. July 22, 2020) (citing *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 397 (1997)). Accordingly, the City cannot be liable for any policymaker's ratification of the officers' alleged use of force. Count VIII must be dismissed.

**V.    Hicks failed to state a claim against individual officers Hughes, Godsie, or Breton under Count III (IIED), Count IV (NIED), or Count VIII (Municipal Liability - Ratification).**

    **A.    Officers Hughes, Godsie, and Breton are entitled to sovereign immunity with respect to Hicks' NIED claim.**

The City's immunity extends to its individual officers for acts of negligence. The Supreme Court of Virginia has outlined a four-part test for determining when a municipality's sovereign immunity extends to its employees:

(1) The nature of the function performed by the employee;
(2) The extent of the state's interest and involvement in the function;
(3) The degree of control and direction exercised by the state over the employee; and
(4) Whether the act complained of involved the use of judgment and discretion.

*Messina v. Burden*, 228 Va. 301, 313 (1984) (citing *James v. Jane*, 221 Va. 43, 53 (1980)).

City police officers engage in a governmental function when executing arrests, which requires significant judgment and discretion. *Cromartie v. Billings*, 837 S.E.2d 247, 254 (Sup. Ct. Va. 2020). Accordingly, Hughes, Godsie, and Breton, who are accused of NIED during Hicks' arrest, are entitled to immunity from Plaintiff's NIED claim.

### B. Hicks' allegations are insufficient to state a claim for IIED or NIED.

Moreover, the Amended Complaint fails to state a claim for IIED or NIED. To state a claim for IIED, Hicks must allege facts to show the officers' conduct was (1) intentional or reckless; (2) outrageous and intolerable; (3) that it caused her emotional distress; and (4) that the emotional distress is severe. *Russo v. White*, 241 Va. 23, 26 (1991). The behavior must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. IIED claims are disfavored in Virginia and require proof by clear and convincing evidence. *Burnopp v. Carter Bank & Trust*, 2020 U.S. Dist. LEXIS 219157, at *5 (W.D. Va. Nov. 23, 2020). Each element must be pled with specificity. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 136 (2000).

Hicks alleges the officers' force caused her to "suffer psychological injuries" requiring treatment, including "mental anguish, depression,[] anxiety," "emotional distress," and "nervousness." (Am. Compl. at ¶¶ 32-33; 78.) These allegations are insufficient to show the requisite specific, severe emotional injury to advance her claim. *See Cole v. Oakey*, 101 Va. Cir. 288, 294 (Roanoke City Cir. Ct. 2019) (allegations of, *inter alia*, drug relapse, depression and anxiety, recurring nightmares, suicidal thoughts, and extensive therapy were insufficient to establish the requisite severe emotional distress for an IIED claim). Accordingly, Hicks failed to state a claim for IIED.

For the same reasons, and for an additional reason, Hicks' NIED claim also fails. When conduct is merely negligent, the plaintiff must allege not only allegations of emotional distress, but also physical injury resulting therefrom. *Thompson v. Town of Front Royal*, 117 F. Supp. 2d 522, 532 (W.D. Va. 2000). "The requisite physical injury for a claim of negligent infliction of

7

emotional distress must be the 'natural result of fright or shock proximately caused by the defendant's negligence. In other words, there may be recovery in such a case if, but only if, there is shown a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury.'" *Thompson*, 117 F. Supp. 2d at 532 (quoting *Delk*, 259 Va. at 137-38). In *Thompson*, for example, plaintiff's physical injury—the squeezing of plaintiff's hand by his supervisor—was insufficient to support a claim for NIED because the physical injury was not *the result of the emotional distress*. *Thompson*, 117 F. Supp. 2d at 532.

Here, the Amended Complaint is devoid of allegations to show Hicks' alleged emotional injuries manifested into physical symptoms. Hicks' alleged physical injuries resulted from the officers' use of force; there are no allegations of separate physical injuries caused by the emotional distress. Hicks' sole allegation in this regard is that she "suffered various physical symptoms associated with emotional distress, anxiety, nervousness, and depression." (*Id.* at ¶ 78.) She does not describe the "various physical symptoms" nor allege any physical injury resulting from the alleged emotional distress. Hicks' NIED claim fails because she has not alleged with specificity that she incurred a physical injury which was the natural result of fright or shock proximately caused by the Defendants' negligence.

Notwithstanding the bases for dismissal outlined above, neither IIED nor NIED are appropriate vehicles to address the tactile wrongs allegedly executed by the officers. The Supreme Court of Virginia has recognized that these claims are disfavored "because there are inherent problems in proving a claim alleging injury to the mind or emotions *in the absence of accompanying physical injury*." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 370 (2008) (emphasis added). Here, Hicks improperly conflates her damages resulting from the alleged excessive force with separate causes of action for those same damages. A claim for intentional or

negligent infliction of emotional distress seeks "liability in tort for a *nontactile wrong*." *Ruth v. Fletcher*, 237 Va. 366, 372 (1989) (emphasis added); *see Beach v. McKenney*, 82 Va. Cir. 436, 440 (Charlottesville City 2011) ("[A] claim for negligent infliction of emotional distress is one where a plaintiff *was not physically injured* but experienced such emotional fright or shock that the emotional disturbance manifested itself in the form of physical injury. . . . [Plaintiff's] claim of mental anguish resulting from the injuries sustained in the assault and battery is an issue of damages and not a separate cause of action.") (emphasis added). Hicks' claim of excessive force does not fall under the IIED or NIED umbrella under Virginia law. To hold otherwise would allow Hicks impermissible double recovery for the same alleged damages.[3]

### C. The individual officers cannot be held liable for a claim of municipal liability.

Hicks names individual officers Hughes, Breton, and Godsie in Count VIII labeled "Municipal Liability – Ratification." However, the allegations included in this count are against the City for allegedly ratifying the actions of these officers. It is self-evident that municipal liability claims must be against municipalities – not individuals. *Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 553 (W.D.N.Y. 2013) ("municipal liability cannot be asserted against individuals"). Accordingly, Hicks failed to state a claim for municipal liability against officers Hughes, Breton, and Godsie.

### CONCLUSION

For the foregoing reasons, Defendants City of Lynchburg, Lee M. Hughes, Nathan R. Godsie, and Hollie N. Breton, by counsel, respectfully request that the Court dismiss with

---

[3] These arguments—that Hicks failed to allege facts to support claims for IIED or NIED—also apply to the IIED and NIED claims against the City. As discussed, the IIED and NIED claims against the City also fail because the City is immune from such claims.

prejudice the Plaintiff's claims in the Amended Complaint as detailed in this Memorandum, and for such other relief as the Court may deem appropriate.

          CITY OF LYNCHBURG, LEE M. HUGHES, NATHAN R. GODSIE, and HOLLIE N. BRETON

By /s/ Julian F. Harf
Julian F. Harf (VSB # 90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: julianh@guynnwaddell.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Carlos A. Hutcherson, Esq.
Hutcherson Law, PLC
3610 Campbell Avenue
Lynchburg, VA 24501
c.hutchersonesq@yahoo.com
*Counsel for Plaintiff*

Steven D. McFadgen, Sr., Esq.
McFadgen Law P.L.C.
3831 Old Forest Road, Suite 6
Lynchburg, VA 24501
muchmorelaw@gmail.com
*Counsel for Plaintiff*

/s/ Julian F. Harf
Julian F. Harf, Esq.
Guynn, Waddell, Carroll & Lockaby, P.C.

415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: julianh@guynnwaddell.com
*Attorney for Defendants*

11