CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/31/2022
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VINCENT RAMON HICKS, *Individually and as Next Friend of Aniya Nicole Hicks, a minor*, <br><br> *Plaintiff*, <br><br> v. <br><br> CITY OF LYNCHBURG, *et al.*, <br><br> *Defendants*. | CASE NO. 6:21-cv-00043 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendants' motion to dismiss Plaintiff's amended complaint. Dkt. 10. The motion to dismiss relates to several but not all of Plaintiff's claims. For the following reasons, the Court will grant the motion to dismiss in part. Plaintiff's case proceeds as to the remaining claims.

Background

As this case is before the Court on a motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). Plaintiff has filed this suit over an incident occurring in the evening of March 7, 2020, at River Ridge Mall in Lynchburg. *See* Dkt. 9 ¶ 10 ("Am. Compl."). Ms. Hicks, who is fourteen years old, arrived at the mall at around 6:00 p.m. *Id.* ¶ 11. Several Lynchburg City Police Department officers, including Defendant Breton and Officer Thompson (who is not named as a defendant) were "working at the mall off duty at the time of the incident." *Id.* ¶ 12. Because Officer Thompson believed "a few children at the mall were displaying animosity toward one another," he "summoned a contingent of on duty police

officers to the mall, and roughly twenty officers responded." *Id.* ¶¶ 12–13. Subsequently, police detained a juvenile, D.H. *Id.* ¶ 15.

When Defendant officer Hughes "joined other officers in aggressively pushing away juveniles and others standing nearby," Ms. Hicks "expressed her concern to Defendants about their hostile treatment of the juvenile, without interfering or causing any commotion." *Id.* ¶¶ 16–17. Hughes "yelled at [Ms. Hicks] to get back and shoved her," but she did not fall and "attempted to stand her ground." *Id.* ¶¶ 18–19. Then Hughes "grabbed [her] right arm and swung her around tripping her and causing her to violently hit the floor." *Id.* ¶ 21. When Ms. Hicks sat up "trying to get loose from Hughes' grasp," Hughes "flipped [her] on to her stomach" and Defendant officer Godsie "came over and unnecessarily smashed [her] face onto the floor." *Id.* ¶¶ 22–24. Ms. Hicks suffered "a substantial gash above her right eye" from that maneuver, and after she was handcuffed, she was "dragged … about 30 feet to a wall," where she remained without being offered immediate medical attention. *Id.* ¶¶ 25–27. Ultimately, Ms. Hicks received fourteen stitches to heal the laceration above her right eye. *Id.* ¶ 31. She alleges that she suffered other injuries and psychological injuries. *Id.* ¶¶ 30–34.

Plaintiff later filed this filed this nine-count complaint in federal district court, suing the City of Lynchburg, and Officers Hughes, Godsie and Breton. This matter is before the Court on Defendants' motion to dismiss Plaintiff's amended complaint. The matter is fully briefed, the Court heard argument on the motion, and it is ripe for decision.

Standard of Review

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). It

does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "This standard does not require detailed factual allegations." *ACA Fin. Guar. Corp.*, 917 F.3d at 211 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, "[t]o meet the Rule 8 standard and 'survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor," *King*, 825 F.3d at 212. However, the Court need not "accept the legal conclusions drawn from the facts," or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotes omitted).

<u>Reasoning</u>

1. *Plaintiff Unable to Directly Sue as a Minor*

The amended complaint was brought by Vincent Ramon Hicks, individually and, as her parent, as next friend of Ms. Hicks, a minor, as well as Ms. Hicks directly. *See* Dkt. 9. Under Rule 17(c) of the Federal Rules of Civil Procedure, a minor may does not have the legal capacity to sue directly except as with certain listed types of representatives, or by "a next friend" or a guardian ad litem. Fed. R. Civ. P. 17(c); *see also* Va. Code § 8.01-8 (stating that, "[a]ny minor entitled to sue may do so by his next friend. Either or both parents may sue on behalf of a minor

as his next friend."). The parties are now agreed that Ms. Hicks, as a minor, cannot sue directly. Accordingly, the Court will **dismiss**, *without prejudice*, Ms. Hicks as a plaintiff from this action as she lacks capacity to sue directly, but any claims she may have may be brought by Vincent Ramon Hicks as a parent and next friend suing on her behalf. *See* Dkt. 9 ¶¶ 4–5 ("Am. Compl.").

2. *Certain Tort Claims against City of Lynchburg*

Plaintiff sued the City of Lynchburg for various torts, alleging claims of intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and "negligent training and supervision." Am. Compl. ¶¶ 72–86. Defendants argued in their motion to dismiss, and Plaintiff conceded at oral argument, that Plaintiff's IIED and NIED tort claims against the City are barred by sovereign immunity. In Virginia, "[i]t is well established that the doctrine of sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions." *Niese v. City of Alexandria*, 564 S.E.2d 127, 132 (Va. 2002). Thus, because a municipality "acts in its governmental capacity … in maintaining a police force," "a municipality is immune from liability for a police officer's negligence in the performance of his duties as a police officer." *Id.* (citation omitted). Virginia law further holds that "a municipality is immune from liability for intentional torts committed by an employee during the performance of a governmental function." *Id.* at 133; *see also Booker v. City of Lynchburg*, No. 6:20-cv-11, 2020 WL 4209057, at *10 (W.D. Va. July 22, 2020) (holding that various tort claims against City arising out of police officers' conduct, including IIED and negligent retention, were barred by sovereign immunity). In addition, Virginia law does not recognize a negligent supervision claim. *See Johnson v. McCowan*, 549 F. Supp. 3d 469, 476 (W.D. Va. 2021) ("there is no negligent supervision cause of action in Virginia"); *A.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 476 (Va. 2019) (citing cases for the proposition that "Virginia law does not recognize a claim for negligent supervision").

Accordingly, the Court concludes that Plaintiff's claims against the City in Count III (IIED) and Count IV (NIED) are barred by sovereign immunity, and that there is no Virginia state law cause of action for negligent training and supervision (Count V), and that therefore those claims are **dismissed**.

3. *Municipal Liability Claim for Ratification against City of Lynchburg*

Plaintiff raised a claim against the City of Lynchburg for "municipal liability – ratification" pursuant to 42 U.S.C. § 1983. Am. Compl. ¶¶ 96–102. Plaintiff argues that the City is liable under this theory because, upon information and belief, Plaintiff alleges that the City "new of and specifically approved of the individual defendants' acts," and "has determined (or will determine) that the acts of the individual defendants were 'within policy.'" *Id.* ¶¶ 98–99. Defendants' only argument for dismissal of this claim is that the claim fails because "[it] is impossible for the City's alleged determination—made *after* the alleged excessive force—to have caused the excessive force," and thus the ratification "could not have been the moving force behind the defendants' alleged constitutional violations if the City's actions *followed* the Police Officer Defendants' actions." Dkt. 11 at 6 (cleaned up). Notwithstanding Defendants' cited authority from this Court that had previously supported this argument, more recent published authority from the Fourth Circuit issued after the filing of the parties' briefing undercuts the argument. *See Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 535 (4th Cir. 2022) (deciding that, "[c]ontrary to the School Board's argument, being the 'moving force' does not necessitate that a plaintiff allege that the Board have knowledge of, or involvement in, the alleged constitutional violation from the outset," and that a ratification theory of liability "presupposes that the initial complained-of conduct precedes involvement by

5

the final policymaking authority"). Accordingly, in view of *Starbuck*, the Court will **deny** Defendants' motion to dismiss this count at this time.[1]

    4.  *IIED & NIED Claims*

As previously described, Plaintiff sued Defendants for intentional infliction of emotional distress and negligent infliction of emotional distress (IIED and NIED). Am. Compl. ¶¶ 72–83. These claims are "disfavored" in Virginia. *Michael v. Sentara Health Sys.*, 939 F. Supp. 1220, 1233 (E.D. Va. 1996) ("Because injury to the mind or emotions can be easily feigned, actions for intentional infliction of emotional distress are not favored in Virginia."); *Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 343 (Va. 2008) (holding that IIED claims are disfavored); *Brown v. AECOM, Inc.*, No. 7:21-cv-438, 2022 WL 263551, at *5 (W.D. Va. Jan. 27, 2022) ("Like IIED claims, [NIED] claims are also disfavored in Virginia.") (citation omitted). These claims are inapplicable to the conduct alleged, which is in the nature of assault and battery or excessive force. By contrast, IIED is a form of "liability in tort *for a nontactile wrong* which resulted in physical injury," *Ruth v. Fletcher*, 377 S.E.2d 412, 415 (Va. 1989) (emphasis added); *see also Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991) (explaining that an IIED claim can compensate for "emotional distress resulting from a non-tactile tort" if certain elements are proved "by clear and convincing evidence").[2] Because Plaintiff does not plead injury and distress from a non-tactile tort, but rather expressly alleges several tactile torts (the basis of assault and battery

---

[1] When the Court indicated at oral argument that it would grant the Defendants' motion to dismiss this count, the Court had not yet been made aware of the Fourth Circuit's decision in *Starbuck*, and now concludes that this count should proceed.

[2] To succeed on an IIED claim, a plaintiff must allege that: (1) "the wrongdoer's conduct is intentional or reckless," (2) "the conduct is outrageous and intolerable," (3) "the alleged wrongful conduct and emotional distress are casually connected," and (4) "the distress is severe." *Russo*, 400 S.E.2d at 162.

claims, which survive), the Court will grant Defendants' motions to dismiss Plaintiff's IIED and NEID claims. These counts will be **dismissed**.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's amended complaint will be **GRANTED in part** and **DENIED in part**, to the extent set forth above. *See* Dkt. 10.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to the parties.

ENTERED this __31st__ day of May, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE